## POND v. OKEY, ADM'R.

1. **Evidence:** HEARSAY. In an action to replevy cattle levied on by an officer, the officer's testimony as to what the person who had charge of the cattle told him about the ownership of them was mere hearsay, and should have been excluded.

*Appeal from Adams Circuit Court.*

FRIDAY, DECEMBER 10.

ACTION to replevy two cows, a heifer and a bull, alleged to be the property of the plaintiff, but wrongfully taken on

execution as the property of one J. H. Richey, to satisfy a judgment against him in favor of the defendant's intestate, one A. B. Fisher, deceased. There was a trial to a jury, and verdict and judgment were rendered for the defendant. The plaintiff appeals.

*Towner & Lucas,* for appellant.

*Maxwell & Dale,* for appellee.

ADAMS, CH. J.—To sustain the issue on the part of the defendant, he introduced as a witness one Pumroy, who acted as deputy-sheriff in making the levy. It had already been shown that the cattle levied on had been placed in the possession of one Morain, who was feeding them. The witness Pumroy, in the course of his examination, was asked by the defendant a question in these words: "I will ask what steps you took, as officer, to ascertain whose cattle those were out there?" This question was objected to by the plaintiff, but the objection was overruled, and the witness proceeded to state a conversation between himself and Mr. Morain in relation to the cattle, and thereupon the plaintiff objected specifically to any conversations between the witness and Morain, but such objection was overruled. Thereupon the witness testified as follows: "Well, I went there, and told Mr. Morain that I had an execution against Harvey Richey, and I wanted to know if he hadn't a lot of cattle there, and he said there was quite a bunch of cattle that had been brought there by Harvey Richey and some other person. He said, 'They are not all Harvey's.' 'Well,' says I, 'do you know which one is Harvey's, and which belongs to Mother Richey, or some of the others?' Well, he thought he did, but he was not very positive, and I told him I did not want to levy on the ones I knew to be Mrs. Richey's. We went out, and he sent the boy with us, and we drove the cattle up. There were four or five we were pretty well convinced were Mrs. Richey's, and the others he said had been put there by Har-

vey, and that he would suppose that they were his, or something to that effect." The court then made this remark: "What he said about whose they were the court would permit to go to the jury as evidence only to explain what they knew of the matter."

In admitting this evidence, it appears to us that the court erred. The evidence was introduced as an attempt to prove that the cattle levied on were the property of Richey, against whom the execution ran. The evidence showed what Morain said about Richey's ownership. It does not appear that Morain had any knowledge of Richey's ownership; but, if he had such knowledge, it could not properly be shown by proving what the witness heard him say. Morain should have been called. Evidence as to what the witness heard him say was hearsay evidence.

REVERSED.